

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Glass, Director
Textbook Division
Department of Education
Austin, Texas

Dear Sir:

                              Opinion No. 0-1987
                              Re:  S. B. No. 427, 46th Legisla-
                              ture -- General Appropriation
                              bill -- Employees of the Text-
                              book and Curriculum Division
                              and Textbook Depository --
                              Rider with respect to addition-
                              al employees -- Help in distri-
                              bution of free textbooks.

        We have your letter of February 21, 1940, request-
ing a legal opinion from this department, the letter being
as follows:

            "Under date of January 5th, two ques-
        tions were submitted to you from this
        Division, dealing with the authority of
        the Textbook Division to reimburse bond-
        ed custodians of free textbooks in local
        school districts for expenditures incur-
        red in connection with the distribution
        of free textbooks to pupils of the pub-
        lic schools.  In your opinion No. 0-1837,
        dated January 16th and addressed to the
        Director of the Textbook Division, both
        of these questions were answered in the
        affirmative.

            "However, upon presentation of cer-
        tain claims from local bonded textbook
        custodians, which involve payment for
        labor, the Comptroller rejected the pay-
        ment of the claims and returned them with

the letter which is copied below: (Copies of claims are attached)

Mr. H. A. Glass, Director
Textbook Division
State Department of Education
Austin, Texas

Dear Mr. Glass:

"'I am returning the account of Bonner Frizzell in the amount of $29.33 and the account of J. C. Watson in the amount of $7.20 for the reason I believe they are in violation of the following provision of the Departmental Bill making an appropriation for the Textbook Division which prohibits the employing of any additional employees for your division:

'It is further provided that the amounts to be expended for new textbooks and rebinding shall be as fixed by the State Board of Education; provided, however, that no employees, in addition to those listed and itemized above, shall be employed.'

Very truly yours,

Signed:     George H. Sheppard
            Comptroller of Public
            Accounts"

Bressler/g

"Since it has long been the custom of this Division to pay such claims, and since funds are available for the payment of current claims, this Division feels the need of further interpretation of this problem. We therefore respectfully request your opinion on the following question:

"1.  Does the rider to the General Appropriation Bill for the biennium ending August 31, 1941, as quoted in the Comp-

troller's letter, obviate the authority
of the State Board of Education to pay
out of the Textbook Fund all necessary
expenses in connection with the distri-
bution of free textbooks?"

In the general form of your question as stated,
it has been answered in former opinion No. 3091, of date
November 7, 1939, addressed to the Honorable Geo. H.
Sheppard, and opinion No. 0-1837, dated January 16, 1940,
addressed to you, copies of which opinions you have.

Obviously, the specific question with which you
are concerned is whether or not the rider quoted in Mr.
Sheppard's letter has the effect to forbid the State
Board of Education to pay out of the Textbook Fund items
of reimbursement for extra help to Mr. Frizzell and Mr.
Watson for services in assisting in the distribution of
textbooks. So that, we will answer your question as thus
restated.

The Comptroller has declined to pay these bills
upon the ground that the rider to the Appropriation Bill
quoted in his letter forbids such payment.

It is the opinion of this department the rider
does not have the effect attributed to it by the Comp-
troller. We commend the Comptroller's vigilance with
respect to the paying out of public moneys, but we dis-
agree with his construction of the rider.

The language which has impelled the Comptrol-
ler's action is a proviso, as follows:

" * * * provided, however, that no
employees, in addition to those
listed and itemized above shall be
employed."

The accepted rule of construction with respect
to provisos is thus stated by Mr. Sutherland on Statu-
tory Construction:

"The natural and appropriate office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it unless it clearly appears to have been intended to apply to some other matter. It is to be construed in connection with the section of which it forms a part, and it is substantially an exception. If it be a proviso to a particular section, it does not apply to others unless plainly intended. It should be construed with reference to the immediately preceding parts of the clause to which it is attached. In other words, the proviso will be so restricted in the absence of anything in its terms, or the subject it deals with, evincing an intention to give it a broader effect. * * *

"Story, J., said he was led to the general rule of law which has always prevailed and become consecrated as almost a maxim in the interpretation of statutes, that when the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is strictly construed, and takes no case out of the enacting clause which does not fall fully within its terms." (Sutherland on Statutory Construction § 223, p. 297)

Applying this rule of construction to the statute, the proviso above quoted is applicable to the enactment contained in the section of which it is a part, to-wit, the enactment that "all amounts to be expended for new textbooks and rebinding books shall be as fixed by the State Board of Education." It is in respect to these two items that the proviso forbids employees in addition to those listed and itemized in the Appropriation Act. The proviso has a very definite meaning when thus applied to that part of the section immediately preceding it; that is, that no employee, in addition to those listed and itemized, should be employed with respect to the expenses for new textbooks and re-binding books; in other words, that the handling of these items should be confided alone to some of those employees specially listed and itemized in the bill.

It could hardly be contemplated that the Act means that in no event may the Board engage employees, other than those listed and itemized, because by item 26, under the head of "Salaries", there is specially provided "Seasonal Help: Clerical, stenographic and labor, $6000.00." This itself is express authority for the employment of clerical, stenographic and labor help beyond those employees listed in items 1 to 25.

Again, it is our opinion those persons aiding in the distribution of free textbooks and paid by Mr. Frizzell and Mr. Watson, the custodians, are not employees in the sense in which that word is used in the proviso. We think it is there used in the sense of persons or employees whose tenure of service was permanent rather than temporary, seasonal, or occasional. We are borne out in this conclusion by the further rider declaring "all employees in the Textbook Division of the Education Department shall be appointed or removed by the State Superintendent of Public Instruction, subject to the approval of the State Board of Education." This bears out the idea that "employees", within the meaning of the Act and of the proviso, are such persons as those whose employment is for a given tenure, and in a sense permanent, rather than that occasional service rendered to Frizzell and Watson. It is the familiar ejusdem generis rule of construction. Any other construction of the Act would make it impossible for the Board to employ a messenger to deliver a consignment of books however small, and yet such similar and incidental expenses in connection with the distribution of textbooks is inevitable. The Legislature never contemplated that they were to be forbidden. Such a construction would not harmonize with the recognized and declared policy of the State to furnish and distribute textbooks free of further costs.

Moreover, the rules prescribed by the State Board of Education are contrary to such construction and indicate the construction we are giving the rider. These rules among other things provide for reimbursement for (1) extra help for a short time, (2) reasonable drayage charges, (3) freight or parcel post charges. In at least two of these items the element of personal service enters, and in all of them the re-

Honorable H. A. Glass - Page 6

imbursement is of expenses incurred in the distribution of free text books.

You are therefore advised in the opinion of this department the reimbursement items of Mr. Frizzell and Mr. Watson should be paid out of the Text Book Fund.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     Ocie Speer
Assistant

OS-MR

APPROVED MAR 26, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN